## Ex Parte T. G. Peyton.

Habeas Corpus.—Being arrested by a city marshal, by virtue of a *capias pro fine* issued from a mayor's court, the relator sued out *habeas corpus* before the county court, which dismissed his writ, and he appealed to this court,

giving recognizance for his appearance in the county court to abide the decision of this court. On motion to dismiss the appeal, *held*, that, unless it was shown that the relator is in the custody of the city marshal, this court has acquired no jurisdiction, and therefore the motion to dismiss is sustained.

APPEAL from the County Court of Dallas. Tried below before the Hon. R. H. WEST.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, moved to dismiss the appeal, for causes stated in the opinion of the court.

ECTOR, P. J. The appellant, as appears from the record, was arrested by W. F. Morton, marshal of Dallas, under a writ of *capias pro fine* issued for the enforcement of a fine adjudged against him by the mayor's court of said city of Dallas. He sued out a writ of *habeas corpus*, and was carried before the county court of Dallas county, and the county court, on the hearing of the writ of *habeas corpus*, refused to release the appellant from the custody of said marshal. Thereupon the appellant gave notice of appeal to this court, and entered into a recognizance to perfect his appeal.

The assistant attorney general has filed a motion to dismiss the appeal, because the recognizance does not state any offense known to the law; and, second, because the record does not show that appellant was in custody.

The motion to dismiss the appeal is granted. This court cannot acquire jurisdiction on appeal on the trial of the writ of *habeas corpus* in this case, unless the appellant is shown to be in the custody of the marshal of the city of Dallas. The appeal is dismissed.

*Dismissed.*